FILED

MAY 04 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 17CR 297 |
| | ) | |
| v. | ) | Violation: Title 18, United States |
| | ) | Code, Section 1623(a) |
| BEENA PATEL | ) | |

JUDGE AMY ST. EVE
MAGISTRATE JUDGE WEISMAN

### COUNT ONE

The SPECIAL AUGUST 2015 GRAND JURY charges:

1. At times material to this Indictment:

   a. The SPECIAL AUGUST 2015 GRAND JURY was conducting an investigation of possible violations of federal criminal law in connection with the purchasing of jobs and promotions within the Office of the Clerk of the Circuit Court of Cook County.

   b. Defendant BEENA PATEL was an Associate Clerk in the Office of the Clerk of the Circuit Court of Cook County.

   c. Individual A was the Clerk of the Circuit Court of Cook County.

   d. In August 2014, Individual B, a former employee of the Office of the Clerk of the Circuit Court of Cook County, returned to Chicago after living in India for several years and purportedly loaned $15,000 to Goat Masters Corporation, whose President was Individual A's husband. On or about September 8, 2014, the Office of the Clerk of the Circuit Court of Cook County rehired Individual B in the position of Clerk Senior IV in the Civil Appeals Division at the Daley Center.

   e. On or about August 6, 2015, Individual B transferred from the

Civil Appeals Division at the Daley Center to a new position as a Court Clerk I in the Skokie Courthouse.

  d. On or about August 12, 2015, law enforcement agents interviewed Individual B in the presence of Individual B's spouse. On or about September 15, 2015, law enforcement agents interviewed Individual B's spouse. On or about September 20, 2015, law enforcement agents once again interviewed Individual B in the presence of Individual B's spouse and served Individual B with a Grand Jury subpoena to testify. On October 1, 2015, Individual B testified in the SPECIAL AUGUST 2015 GRAND JURY.

  f. The following matters, among others, were material to the Grand Jury's investigation:

- Whether BEENA PATEL knew that Individual B had spoken to law enforcement;
- Whether BEENA PATEL knew that Individual B had testified in the grand jury; and
- When BEENA PATEL last spoke with Individual B.

 2. On or about October 15, 2015, at Chicago, in the Northern District of Illinois, Eastern Division,

BEENA PATEL,

defendant herein, was placed under oath prior to testifying before the SPECIAL AUGUST 2015 GRAND JURY, was advised that her testimony was subject to the penalties of perjury, and knowingly made a false material declaration during her testimony by responding to questions as follows:

Q: To your knowledge, has [Individual B] spoken to law enforcement?

A: I don't know.

Q: To your knowledge, has he testified in the Grand Jury?

A: I don't know.

Q: So you've had no conversations with [Individual B]?

A: No.

Q: When is the last time you spoke with [Individual B]?

A: When he was transferred from Civil Appeals Division to Skokie courthouse.

Q: When was that?

A: Approximately two months ago.

WHEREAS, in truth and fact:

- BEENA PATEL knew that Individual B had spoken to law enforcement;

- BEENA PATEL knew that Individual B had testified in the grand jury; and

- BEENA PATEL had spoken to Individual B on or after September 20, 2015, when he was served with a subpoena to testify before the Grand Jury;

In violation of Title 18, United States Code, Section 1623(a).

## COUNT TWO

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. At times material to this Indictment:

   a. The allegations in paragraphs 1(a) through 1(c) of Count One of this Indictment are incorporated here.

   b. Individual A collected campaign contributions through her entity called "Friends of [Individual A]." Friends of [Individual A] held several fundraisers each year, and attendees were generally required to pay an entrance fee, often referred to as a "ticket."

   c. The following matters, among others, were material to the Grand Jury's investigation:

   - Whether BEENA PATEL sold tickets to Friends of [Individual A] fundraisers to employees of the Clerk's Office; and

   - Whether BEENA PATEL knew that other employees of the Clerk's Office sold tickets to and collected money from employees of the Clerk's Office for Friends of [Individual A] fundraisers.

2. On or about October 15, 2015, at Chicago, in the Northern District of Illinois, Eastern Division,

BEENA PATEL,

defendant herein, was placed under oath prior to testifying before the SPECIAL AUGUST 2015 GRAND JURY, was advised that her testimony was subject to the penalties of perjury, and knowingly made a false material declaration during her testimony by responding to questions as follows:

4

Q: And a moment ago [Assistant United States Attorney] asked you about buying tickets for birthday events and the fashion show and things like that?

A: Yes.

Q: You testified earlier that you supervise approximately 500 employees?

A: Close to it, yeah.

Q: Have you ever asked any of the employees who work for you if they wanted to buy tickets to any of these events?

A: No.

Q: You're sure about that?

A: Yes.

Q: In all of your years at the clerk's office?

A: If they ask me something, I would say that there is an event coming up, but not that I have talked to them, no.

Q: Have you ever personally sold tickets?

A: No.

Q: So when employees want to buy tickets, how do they go about buying these tickets?

A: They go to the Friends of [Individual A] website or they have a Friends of [Individual A] meeting. At that time they can get that ticket.

Q: So none of the employees at the clerk's office collect money or hand out tickets?

A: No.

WHEREAS, in truth and fact:

- BEENA PATEL had sold tickets to Friends of [Individual A] fundraisers to employees of the Clerk's Office; and

- BEENA PATEL knew that other employees of the Clerk's Office sold tickets to and collected money for Friends of [Individual A] fundraisers from other employees of the Clerk's Office;

In violation of Title 18, United States Code, Section 1623(a).

## COUNT THREE

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. At times material to this Indictment:

    a. The allegations in paragraphs 1(a) through 1(c) of Count One are incorporated here.

    b. Individual C was the Chief of Staff to Individual A.

    c. Individual D was an employee of the Office of the Clerk of the Circuit Court of Cook County. On or about May 7, 2007, a donation of approximately $5,000 was made in the name of Individual D's brother to Friends of [Individual A].

    d. On or about August 17, 2007, Individual D received a promotion which increased her salary.

    e. On or about December 9, 2009, a donation of approximately $5,000 was made in the name of Individual D's brother to Friends of [Individual A].

    f. On or about January 19, 2010, Individual D received a promotion which increased her salary.

    g. On or about April 15, 2015, Individual D communicated to Individual A, Individual C, and defendant BEENA PATEL that she desired a promotion.

    h. On or about July 24, 2015, defendant BEENA PATEL communicated in a text message to Individual C to "help" Individual D because Individual C had "done a lot for us including her brother." Defendant BEENA PATEL

also told Individual C in that text message that, "[My] job is to support you and vice versa."

i. On or about September 10, 2015, defendant BEENA PATEL communicated to Individual D in a text message that stated "Clerk [last name of Individual A] just called to say that you got merit increase. Keep mum. Love you She will call you." Seconds later, defendant BEENA PATEL sent to Individual D another text message that stated, "Don't tell her that you know this act surprise."

j. The following matters, among others, were material to the Grand Jury's investigation:

- Whether BEENA PATEL asked Individual C to help Individual D obtain a promotion because Individual D's brother had donated money to Friends of [Individual A]; and

- Whether BEENA PATEL knew that Individual D had received a merit raise.

2. On or about July 14, 2016, at Chicago, in the Northern District of Illinois, Eastern Division,

BEENA PATEL,

defendant herein, was placed under oath prior to testifying before the SPECIAL AUGUST 2015 GRAND JURY, was advised that her testimony was subject to the penalties of perjury, and knowingly made a false material declaration during her testimony by responding to questions as follows:

Q: In fact, you told [Individual C] that [Individual D] should be promoted because her brother had done a lot for the clerk's office?

A: No, I would never do that.

8

Q: You would never do that?

A: I would not do that.

Q: Last year [Individual D] got a merit raise, is that correct?

A: I wouldn't know. I wouldn't know. I don't know exactly whether she got or not. I don't know.

Q: You wouldn't know that?

A: No, I don't.

Q: In fact, you knew that she was getting a raise before she did, didn't you?

A: No, I did not.

*****

Q: Okay. But just a minute ago, you said that you don't know whether [Individual D] received a merit raise last year?

A: I don't remember.

Q: Okay. And you don't remember [Individual A] letting you know that [Individual D] was receiving a raise last year?

A: I wouldn't know because I don't remember this. I don't.

Q: And, in fact, you told [Individual D] that she was getting a raise, and that she should act surprised when [Individual A] contacted her, isn't that correct?

A: I don't think so. I would never do that. Why?

Q: So you didn't tell her to keep quiet?

A: No.

WHEREAS, in truth and fact:

- BEENA PATEL asked Individual C to help Individual D obtain a promotion, and, in doing so, BEENA PATEL stated that Individual D's brother had "done a lot for us";

- BEENA PATEL knew that Individual D had received a merit raise; and

- BEENA PATEL told Individual D that she had received a merit raise, and to "keep mum" and "act surprise[d]" when Individual D was informed of the raise by Individual A;

In violation of Title 18, United States Code, Section 1623(a).

A TRUE BILL:

_____
FOREPERSON

_____
JOEL R. LEVIN
Acting United States Attorney