UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>BEENA PATEL<br><br>                Defendant. | No.: 17-CR-00297<br>Judge Amy J. St. Eve |

### DEFENDANT PATEL'S MOTION TO QUASH SEARCH WARRANT

Defendant Beena Patel, through her undersigned counsel, hereby moves to quash the Search and Seizure Warrant issued on October 2, 2015 on the grounds it was not supported by probable cause. Defendant also moves to suppress all evidence seized by the Government pursuant to that Warrant. In support, Defendant states as follows.

### Introduction

The only evidence presented to Magistrate Judge Valdez in support of the Search Warrant for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was the Affidavit of FBI Special Agent ▮▮▮▮▮▮▮▮ ("the Affidavit," attached as Exhibit A). That Affidavit failed to establish probable cause that ▮▮▮▮▮▮▮ might contain evidence of a crime. It should be quashed, and any evidence seized pursuant to the Warrant should be excluded from trial.

1

The Affidavit ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Patel," as it turns out, is the most common Indian surname in the United States.) But the Affidavit has almost nothing to say about <u>Beena</u> Patel. In its attempt to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

As such, the Affidavit failed to support a finding of probable cause, and it should be quashed. Moreover, because no reasonable officer could rely upon the Search Warrant, all evidence derived from it — including all messages seized from ▮▮▮▮▮▮▮▮▮▮▮▮ — should be suppressed. (Warrant attached as Exhibit B.)

<u>**Legal Standards**</u>

Under the Fourth Amendment, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "A judge's decision to issue a search warrant must be supported by probable cause, established with facts that make it likely that contraband or evidence will be found in a particular place." *United States v. Musgraves*, 831 F.3d 454, 459 (7th Cir. 2016)

(finding that a sergeant's affidavit "did not provide probable cause for the search warrant" because it told the Court nothing about the credibility of a key informant).

Where, as in this case, "an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit." *United States v. McMillian*, 786 F.3d 630, 639 (7th Cir. 2015) (quoting *United States v. Peck,* 317 F.3d 754, 755 (7th Cir.2003)). To determine the affidavit's strength, the court must decide whether, "based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *McMillan*, 786 F.3d at 639. *See also Owens v. United States*, 387 F.3d 607, 608 (7th Cir. 2004) ("The warrant pursuant to which evidence . . . was used against Owens at his trial was based on a barebones affidavit . . ."); *United States v. Prideaux-Wentz*, 543 F.3d 954, 957–58 (7th Cir. 2008) (stale information failed to provide probable cause); *United States v. Koerth*, 312 F.3d 862, 867 (7th Cir. 2002) (affidavit failed "to allege specific facts and circumstances to allow the judge to reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.")

Moreover, under the exclusionary rule, evidence seized in contravention to the Fourth Amendment should be excluded from trial. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). And where, as here, an affidavit in support of probable cause so patently deficient that reasonable officers cannot reasonably rely upon it, the "good faith" exception to the exclusionary rule announced in *United States v. Leon,* 468 U.S.

3

897, 923 (1984) cannot save the evidence from exclusion. *E.g.*, *Owens v. United States*, 387 F.3d 607, 608 (7th Cir. 2004).

## Argument

I. The Warrant was Not Supported by Probable Cause.

    A. The Affidavit's Discussion of ▮▮▮▮▮ and the "▮▮▮▮▮ ▮▮▮▮▮" Provides No Basis for a Finding of Probable Cause to Seize and Search ▮▮▮▮▮.

In this case, the "totality of the circumstances" described in the Search Warrant failed to establish that ▮▮▮▮▮. Despite being ▮▮▮▮▮, the Affidavit contains precious few references to Beena Patel. Rather, ▮▮▮▮▮

4

██████████████████████████████████████████████████

████████████████

       The <u>only</u> specific allegation through which the Government tries ████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████[1]

      Turning to the Government's ████████ allegations about something called ███

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

---

[1] ██████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Moreover, it is well-documented that the surname "Patel" is the most common Indian surname in the entire United States, equivalent to the American surnames "Smith" or "Jones."[2] As local media outlets have reported, there are a notably high number of "Patels" in Chicago.[3] The fact that Beena Patel shares a last name with ███████████████████████████████████████████ is hardly a basis to infer that ████████████████████████████

In the *McMillan*, *Koerth*, *Peck*, *Prideaux-Wentz*, and *Musgraves* cases cited above, the Seventh Circuit found the officers' affidavits to lack probable cause where they contained unspecific, stale, or uncorroborated allegations against the defendants in question. *Supra*. Here, the FBI's affidavit is weaker still: ██████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████

In short, the Affidavit's discussion of ██████████, and its references to the "██████████████," provide no basis whatsoever to believe that ██████████ might contain evidence of a crime.

### B. The Government's Discussion of ████████ Does Not Provide a Basis to Believe that ██████████ Might Contain Evidence of a Crime.

---

[2]   https://tribune.com.pk/story/795504/understanding-the-patels-of-america/; http://www.dnaindia.com/world/report-patel-most-common-indian-surname-in-us-1134043

[3]   https://www.chicagoreader.com/chicago/who-are-all-those-patels/Content?oid=901436

The Affidavit also alleges that █████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████ In trying to connect Beena to this transaction, the Government depends upon two allegations: first, that █████████████████

████████████████████████████; and second, that ██████████████████

██████████████████████████████████████ For the following reasons, these facts come nowhere close to providing probable cause to ██████████████.

1. **The Affidavit Contains No Allegation that Beena had Any Involvement in, or Knew About, the Goat Masters Loan.**

The Government's allegations concerning the loan ███████████████ ██████████ not implicate ████████ any crime, or suggest that she had any knowledge about a crime. The FBI contends that ██████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████[4] ██████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███

---

[4] ████████had previously worked for the Clerk's Office from 2000 through 2011. (*Id.* ¶ 31(a).)

7

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████

In summary, the Government's claims about ███████████ provide no basis to believe that ███████████ might contain evidence of a crime.

### 2. Beena's Phone Contact with ████████ Does Not Provide Probable Cause to Search ███████████.

In its lone attempt to tie ████████████████████, the FBI alleges that

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████ (Ex. A ¶¶ 31(j); 38.) Even assuming these allegations were true, they are insufficient to establish probable cause to seize ███████████.

First, the claim that █████████████████████████████

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████.

Second, and undercutting any significance to the allegation that ████████

██████████████████████████████████████

██████████████████████████████████████

████████████ truly were trying to hide his contacts with ██████, it would make no sense for him to admit meeting with her in person on many occasions.

Third, the bare fact that ████████ had phone communications with ██████—his co-worker—wholly fails to support a probable cause finding. The clear insinuation from the Government is that ████████████████████████

██████████████████████████████████████

████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████

9

## II. All Evidence Seized Pursuant to the Warrant Should be Excluded.

The Affidavit in support of the Search Warrant was so lacking in probable cause that the *Leon* good faith exception does not save it. *United States v. Leon*, 468 U.S. 897, 923 (1984) ("Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'"). The exclusionary rule should therefore apply to all evidence — ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ — seized pursuant to the Search Warrant.

Under the exclusionary rule, evidence seized in contravention to the Fourth Amendment should be excluded from trial. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). In *United States v. Leon,* 468 U.S. 897, 923 (1984), the Supreme Court created a "good faith" exception to the exclusionary rule, holding "that the fruits of a search pursuant to a warrant should not be suppressed unless the officers who conducted it could not reasonably have believed that the warrant was supported by probable cause." *Owens v. United States*, 387 F.3d 607, 608 (7th Cir. 2004). It is the government's burden to establish that the good faith exception applies. *United States v. Marzook*, 435 F. Supp. 2d 778, 781 (N.D. Ill. 2006).

It is true that an FBI agent's "decision to obtain a warrant is prima facie evidence that he or she was acting in good faith." *United States v. Prideaux-Wentz*, 543 F.3d 954, 959 (7th Cir. 2008); *United States v. Koerth,* 312 F.3d 862, 868 (7th Cir. 2002). However, Beena may rebut this evidence by showing that "the affidavit submitted in support of the warrant was 'so lacking in indicia of

probable cause as to render official belief in its existence entirely unreasonable." *Prideaux-Wentz*, 543 F.3d at 959. Otherwise put, "we will admit the evidence unless. . . the affidavit is so plainly deficient that any reasonably well-trained officer 'would have known that [her] affidavit failed to establish probable cause and that [s]he should not have applied for the warrant." *Koerth*, 312 F.3d at 869.

That is exactly the case here. ▮▮▮ Affidavit was so plainly deficient with respect to its total lack of allegations against ▮▮▮

▮▮▮ That is patently insufficient to satisfy the Fourth Amendment's reasonableness requirement.

Furthermore, although the Government purportedly relied upon the statements and grand jury testimony of numerous ▮▮▮" in the Affidavit, there is no evidence that ▮▮▮ ▮▮▮. Nor could the FBI have performed any such corroboration, ▮▮▮

11

IPhone to communicate with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and, to a limited extent, ▇▇▇▇▇▇▇▇▇▇. But the mere fact that Beena used a portable phone to communicate with her co-workers — something that untold millions of employees do on a daily basis — is hardly probable cause to believe that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

This case is similar to *Owens v. United States*, 387 F.3d 607, 608 (7th Cir. 2004) (reversing denial of defendant's motion to set aside guilty verdict). There, the criminal defense attorney failed to effectively argue for the suppression of evidence seized pursuant to a warrant "based on a barebones affidavit" alleging that an informant had purchased a "quantity" of crack-cocaine from the defendant's home. No details concerning the likelihood that money and drugs were kept at the residence to be searched were provided in the affidavit. Nor did it contain any evidence of the informant's reliability. *Id.* at 608. "So inadequate was the affidavit," the Seventh Circuit held, "that the search cannot be saved by *United States v. Leon* . . . ." *Id.* The facts for suppression here are even stronger than those in *Owens*, because at least there, some drugs had allegedly been purchased at the defendant's home before obtaining a search warrant for the home. Here, however, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

This case is also like *United States v. Underwood*, 725 F.3d 1076, 1086 (9th Cir. 2013). There, the Court, in commenting on the officer's affidavit, held that it "provides no factual basis for the conclusion that drug trafficking evidence would be

found" at the defendant's home. Instead, it offered the "foundationless" speculation of an expert based not upon the defendant's behavior, but upon the "behavior of a particular class of persons" (drug dealers) with whom the government attempted to lump the defendant. *Id.* at 1082.The same could be said here: the FBI has ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

But, as in *Underwood*, the affidavit contained no evidence that ████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████

In summary, ████████████████ should have known "that [her] affidavit failed to establish probable cause and that [s]he should not have applied for the warrant." *United States v. Koerth,* 312 F.3d 862, 869 (7th Cir.2002)). The Supreme Court made clear in *Leon* that "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." *United States v. Leon*, 468 U.S. 897, 916 (1984). "If exclusion of evidence obtained pursuant

13

to a subsequently invalidated warrant is to have any deterrent effect, therefore, it must alter the behavior of individual law enforcement officers or the policies of their departments." *Id.* at 918. Excluding the evidence seized from ████████████ will have exactly that effect: it would convey that the FBI should refrain from attesting to an affidavit that it should have known was wholly lacking in probable cause.

## Conclusion

The FBI's Affidavit failed to provide "facts that make it likely that contraband or evidence will be found" on ████████████████ — it offered only a few tenuous allegations that did not remotely connect her to any criminal activity. *United States v. Musgraves*, 831 F.3d 454, 459 (7th Cir. 2016). The Search Warrant should be quashed, and any evidence recovered from ████████████ should be suppressed under the exclusionary rule.

Dated: January 25, 2018                                        Respectfully Submitted,

**Beena Patel**

By: /s/ Walter Jones, Jr.
    One of Her Attorneys

Walter Jones, Jr. (wjones@pjjlaw.com)
Jonathan B. Cifonelli (jcifonelli@pjjlaw.com)
Sabena Auyeung (sauyeung@pjjlaw.com)
Pugh, Jones, & Johnson, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
(312) 768-7800 (T)
(312) 768-7801 (F)

**CERTIFICATE OF SERVICE**

I, Walter Jones, Jr., an attorney, certify that I caused a copy of the foregoing *Notice of Motion* to be served upon the below-listed individual(s), by depositing the same in the U.S. Mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, FedEx overnight delivery, facsimile transmitted from (312) 768-7801, electronic mail, or Case Management/Electronic Case Filing System ("CM/ECF"), as indicated below, on January 25, 2018.

| | | |
|---|---|---|
| ☒ | CM/ECF | |
| ☐ | Facsimile/___ Pages | |
| ☐ | Federal Express | |
| ☐ | U.S. Mail | |
| ☐ | Messenger | |
| ☐ | Electronic Mail | |

**Ankur Srivastava**
United States Attorneys Office
219 South Dearborn
5th Floor
Chicago, IL
60604 (312)
353-3148
Email: Ankur.Srivastava@usdoj.gov

**Heather Kirsten McShain** US Attorney's
Office Northern District
of Illinois
219 S. Dearborn St
5th Floor
Chicago, IL 60604
312 353 1414
Email: heather.mcshain@usdoj.gov

**AUSA – Chicago**
United States Attorney's Office (NDIL-Chicago)
219 South Dearborn Street
Chicago, IL 60604
Email: USAILN.ECFAUSA@usdoj.gov

/s/ *Walter Jones, Jr.*
Walter Jones, Jr.