# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiffs, <br> v. <br> BEENA PATEL <br> Defendant. | No.: 17-CR-00297 <br> Judge Amy J. St. Eve |

## DEFENDANT'S MOTION FOR F. R. CRIM. P. RULE 16 DISCOVERY

Defendant, BEENA PATEL, by and through undersigned counsel, move to compel discovery as mandated by the Federal Rules of Criminal Procedure Rule 16(a)(1) and Local Criminal Rule 16.1(b). While the Government has been generally compliant with discovery under the rules, out of an abundance of caution, Ms. Patel makes a formal request to compel discovery. In support of her motion, Ms. Patel states:

The Government has charged Ms. Patel with a violation of 18 U.S.C. § 1623 which makes it a crime to knowingly make any false *material* declaration before the grand jury. Ms. Patel's charge centers on her testimony on several matters that the Government has deemed material: (1) whether Ms. Patel knew that Individual B had spoken to law enforcement; (2) whether Ms. Patel sold tickets to Friends of [Individual A] or knew that other employees sold tickets; and (3) whether Ms. Patel asked Individual C to help Individual D obtain a promotion because of previous donations that relatives of Individual D made to Friends of [Individual A]. According to the Government, Ms. Patel's statements were material to the grand

jury's investigation into the "purchasing of jobs and promotions within the Office of the Clerk of the Circuit Court of Cook County." [1]

Because the foundation of the Government's perjury charge is Ms. Patel's testimony on the aforementioned subjects, she requests an explanation from the Government as to how her statements were material to the grand jury investigation. Moreover, Ms. Patel is entitled to any and all representations that the Government made to the grand jury concerning materiality.

Pursuant to the F. R. Crim. P.16 and Local Criminal Rule 16.1(b),[2] Ms. Patel has identified the following additional pretrial discovery materials to which she is entitled. She requested:

1. **Grand Jury Testimony and FBI 302's.** Although the government produced the grand jury testimony and FBI 302's of some witnesses, Ms. Patel requested pretrial disclosure of the grand jury testimony and related FBI 302's of several additional witnesses.

2. **Any Statements Regarding Materiality Made to the Grand Jury.** Ms. Patel also requested any statements made by any government agent, whether from the United States Attorney's Office, the FBI, or otherwise, concerning what the government claimed was material to the grand jury's investigation. The indictment alleges that Ms. Patel made false statements about matters material to the grand jury's investigation, and she requested an explanation as to representations the government made to the grand jury concerning materiality.

3. **Tickets.** Ms. Patel was indicted for allegedly false statements pertaining to selling "tickets" for various Clerk's Office events. Numerous grand jury witnesses testified about such tickets, including their physical appearance and size. She therefore requested that the government produce all such "tickets" in the government's possession.

---

[1] The Seventh Circuit has reasoned that "a concealment or misrepresentation is material if it has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed." *United States. v. Akram*, 152 F.3d 698, 701 (7th Cir. 1998).

[2] On November 21, 2017, Ms. Patel's attorneys sent the Government a letter identifying the aforementioned additional pretrial discovery materials.

2

4. ***Unredacted Phone Records.*** Altogether, the government produced 3,868 pages of Ms. Patel's phone records. Of the 3,868 pages, only 1,634 pages were not redacted. The remaining pages were completely redacted with only the Bates number. Because the phone records at issue are those of Ms. Patel herself, she requested that the entirety of the records be produced with no redactions.

5. ***Emails.*** Finally, she demanded any and all emails in the government's possession that reference both Ms. Patel and the subject matters about which the Indictment alleges Ms. Patel testified falsely. She proposed searches containing the following terms:

   - Beena AND "ticket"
   - Beena AND "promotion" OR "job" OR "raise" OR "merit" OR "pay" OR "increase"
   - Beena AND "FBI" OR "law enforcement" OR "police" OR "agent".

On December 6, 2017, the Government responded with a letter and thereafter made additional disclosures and tendered additional discovery. Specifically, the Government has tendered the relevant grand jury transcripts, FBI 302's, and Ms. Patel's unredacted phone records.[3] However, it has objected to Ms. Patel's request for any and all statements made to the grand jury concerning materiality because Ms. Patel has "not shown that she has a particularized need for any statements regarding materiality made to the grand jury." For the reasons that follow, Ms. Patel will clearly be able to establish the required "particularized need" for the disclosure of these statements in discovery. *United States v. Thomas*, 833 F.3d 785, 789 n.1 (7th Cir. 2016); *United States v. Duffy*, 54 F.R.D. 549, 550-51 (N.D. Ill. 1972).

---

[3] In its response letter, the Government informed Ms. Patel that they have previously produced all "tickets" in its possession.

3

To start, Ms. Patel is entitled to any statements made by any government agent, whether from the United States Attorney's Office, the FBI, or otherwise, concerning what the government claimed was material to the grand jury's investigation. The indictment alleges that Ms. Patel made false statements about matters material to the grand jury's investigation and consequently, she is entitled to know what representations the government made to the grand jury concerning materiality. In addition, the information being sought is well within the confines of the federal and local rules regulating discovery. Pursuant to F. R. Crim. P. 16(a)(1)(C), the prosecution, upon request, must provide materials within the prosecution's "possession, custody or control ... which are material to the preparation of the defendant's defense." Rule 16 further delineates five categories of information that the Government must disclose upon the request of a defendant, which includes material "documents and objects." *United States v. Mackin*, 793 F.3d 703, 707 (7th Cir. 2015); Fed.R.Crim.P. 16(a)(1)(E).

As it relates to materiality, F. R. Crim. P. 16 materiality is defined as any evidence that would "enable the accused to substantially alter the quantum of proof in his favor." *United States v. Peitz*, No. 01 CR 852, 2002 WL 31101681, at *3 (N.D. Ill. Sept. 20, 2002) citing *United States v. Orzechowski*, 547 F.2d 978, 984 (7th Cir.1976), cert. denied, 431 U.S. 906 (1977). It is also evidence that would "significantly help[ ] in 'uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment and rebuttal." *United States v. Gaddis*, 877 F.2d 605, 611 (7th Cir.1989) quoting *United States v. Felt*, 491 F.Supp.

179, 186 (D.D.C.1979). The Seventh Circuit has previously held that it is the government's burden to establish materiality and to do so, it must establish a "nexus between the grand jury's investigation and the defendant's false statements by presenting some evidence about the scope of the investigation." *United States v. McComb*, 744 F.2d 555, 564 (7th Cir. 1984). Therefore, Ms. Patel is requesting that the Government meet its burden of "presenting…the scope of its case" by disclosing any and all information that was provided to the grand jury concerning materiality. *Id.*

While the Government has charged Ms. Patel with perjury based upon her testimony on certain matters that it deemed material to the grand jury investigation, it remains unclear how any of Ms. Patel's statements were so significant as to impact the Government's investigation. Equally uncertain is how her testimony may have the tendency to "influence the decision of the audience to which it is asserted." *United States v. Rosby*, 454 F.3d 670, 674 (7th Cir. 2006). While the Government certainly has within its possession information that would shed light into how Ms. Patel's grand jury statements materially affected its investigation, the discovery it has tendered to date does not inform Ms. Patel as to how an alleged truthful statement would have aided the grand jury's inquiry and conversely, how the alleged false statements "interfered with the investigation." *United States v. McComb*, 744 F.2d at 565.

To sufficiently defend herself, Ms. Patel should be permitted to test the Government's claims that her statements were capable of influencing the decisions

5

made by the grand jury. However, such efforts would be futile if she ultimately does not understand how materiality was defined by those who testified before the grand jury. Moreover, those statements made to the grand jury relating to materiality are necessary to determine whether the Government's line of questioning, and thus the resulting answers, were ambiguous. "Precise questioning is imperative as a predicate for the offense of perjury." *United States v. Esposito*, 358 F.Supp. 1032, 1033 (N.D.Il.1973) (where the court found defects in questions "so broad as to be immaterial" and the "answer was ambiguous" so that "its literal untruthfulness cannot be determined.") Therefore, the Government is obliged to produce any and all statements made to the grand jury relating to materiality pursuant to F. R. Crim. P. 16. It is worth noting that while the extent of disclosure of material evidence may be uncertain at times, what is clear is that prosecutors must take a broad view of materiality and err on the side of disclosing exculpatory evidence. *Kyles v. Whitley*, 514 U.S. 419, 439 (1995) ("The prudent prosecutor will resolve doubtful questions in favor of disclosure.") Therefore, it is the Government's obligation to tender all relevant evidence favors the Government's production of all statements made to the grand jury relating to materiality.

With regard to Ms. Patel's discovery request for emails, her attorneys have recently communicated with the Government to clarify the email search terms.[4] As a cautionary measure, Ms. Patel reiterates here that she seeks only those emails in the Government's possession sent to or from non-Government agents regarding

---

[4] The Government has responded to Ms. Patel's attorneys with regard to the email search and has agreed to attempt to reach a resolution.

6

Beena Patel and the following subject matters.  In other words, we do not seek any emails of FBI Agents or Assistant United States Attorneys, but only those of third-party witnesses.  Thus, she seeks any such emails containing the following terms:

- Beena AND "ticket"
- Beena AND "promotion" OR "job" OR "raise" OR "merit" OR "pay" OR "increase"
- Beena AND "FBI" OR "law enforcement" OR "police" OR "agent"

Respectfully Submitted,

BEENA PATEL

By: /s/ Walter Jones, Jr.

One of Her Attorneys

Walter Jones, Jr.
Jonathan B. Cifonelli
Sabena Auyeung
Pugh, Jones & Johnson
180 North LaSalle Street, Suite 3400
Chicago, IL 60601
Phone: (312) 768-7800
Facsimile: (312) 768-7801
Email: wjones@pjjlaw.com
       jcifonelli@pjjlaw.com
       sauyeung@pjjlaw.com

# CERTIFICATE OF SERVICE

I, Walter Jones, Jr., an attorney, certify that I caused a copy of the foregoing *Notice of Motion* to be served upon the below-listed individual(s), by depositing the same in the U.S. Mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, FedEx overnight delivery, facsimile transmitted from (312) 768-7801, electronic mail, or Case Management/Electronic Case Filing System ("CM/ECF"), as indicated below, on January 25, 2018.

☒ CM/ECF
☐ Facsimile/___ Pages
☐ Federal Express
☐ U.S. Mail
☐ Messenger
☐ Electronic Mail

**Ankur Srivastava**
United States Attorneys Office
219 South Dearborn
5th Floor
Chicago, IL
60604 (312)
353-3148
Email: Ankur.Srivastava@usdoj.gov

**Heather Kirsten McShain** US Attorney's
Office Northern District
of Illinois
219 S. Dearborn St
5th Floor
Chicago, IL 60604
312 353 1414
Email: heather.mcshain@usdoj.gov

**AUSA – Chicago**
United States Attorney's Office (NDIL-Chicago)
219 South Dearborn Street
Chicago, IL 60604
Email: USAILN.ECFAUSA@usdoj.gov

/s/ *Walter Jones, Jr.*
Walter Jones, Jr.