**Karen H. Flax**
VP/Legal

# Chicago Tribune

**FILED**

NOV 22 2019

JUDGE SARA L. ELLIS
U.S. DISTRICT COURT

November 20, 2019

Hon. Sara L. Ellis
United States District Judge for the Northern District of Illinois
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Re:  *United States v. Beena Patel,* No. 17-cr-00297 (N.D. Ill.)

Dear Judge Ellis:

I am in-house counsel for the Chicago Tribune, whose reporters have been covering the proceedings in the above-referenced case, in which the public clearly has great interest. I am writing with respect to the Court's November 12, 2019 minute order (Dkt. No. 133) granting Defendant Patel's motion for leave to file her "Sentencing Position Paper" under seal. (Dkt. No. 131.) We understand that Defendant Patel's sentencing will be occurring in the very near future and by this letter, Chicago Tribune respectfully requests that the Court reconsider its decision to allow Defendant Patel to file her Sentencing Petition Paper under seal and we further request that the Defendant's file be unsealed prior to or contemporaneous with her sentencing hearing.

As the Court is aware, a long line of Supreme Court decisions recognize a presumptive First Amendment right of public access to the criminal justice system -- including both trial and post-trial proceedings. *See, e.g., Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1 (1986) ("*Press-Enterprise II*"); *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 508-10 (1984) ("*Press Enterprise I*"); *Globe Newsp. Co. v. Super. Ct.*, 457 U.S. 596, 605-06 (1982). As the Supreme Court noted in *Richmond Newsp., Inc. v. Virginia,* 448 U.S. 555, 575 (1980), "[i]t would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted."

The constitutionally-mandated presumption of access can be overcome only by a showing, and specific findings, that closure "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise I,* 464 U.S. at 510. Thus, to justify an order denying access consistent with the First Amendment, a trial court must:

1. Identify an overriding interest requiring denial of access;
2. Narrowly tailor the closure order to protect that interest (and, in doing so, specifically consider alternatives to denying access); and

Chicago Tribune ● www.chicagotribune.com
160 N. Stetson Avenue ● Chicago, IL 60601
(312) 222-3969 ● Fax (312) 222-4567 ● kflax@chicagotribune.com

    3.    Make specific findings adequate to support the decision that closure is the only alternative that can serve that interest. *Id.*

In addition to the First Amendment right of access, the public also has a presumptive common law right of access to court files. *Nixon v. Warner Comm.*, 435 U.S. 589, 597 (1978); *United States v. Blagojevich*, 612 F.3d 558, 563 (7th Cir. 2010); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994); *In re Continental Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984). On the whole, "[o]vercoming the presumption [of access] . . . is a formidable task. The court must be 'firmly convinced that disclosure is inappropriate before arriving at a decision limiting access.'" *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998) (citing *Press-Enterprise I*, 464 U.S. at 510).

In particular here, "[t]he public has a strong First Amendment claim to access to evidence admitted in a public sentencing hearing. . . . The public must have the opportunity to observe and criticize the judiciary in the operation of its duties. In sentencing, unlike other aspects of criminal proceedings, it is the distinct province of the court to determine what constitutes proper sentence." *United States v. Eppinger*, 49 F.3d 1244, 1253 (7th Cir. 1995) (district judge properly refused to hear defendant's testimony in camera in support of her request for a downward departure from mandatory minimum sentence); *cf. United States v. Corbitt*, 879 F.2d 224, 237 (7th Cir. 1989) (common law access right applies to government presentence reports; "since the presentence report is undoubtedly in the district court's possession, the common law right of access attaches to this document").

Tribune respectfully submits that the Court's minute order allowing Defendant to file her Sentencing Position Paper wholly under seal did not comply with the constitutional and common law requirements.

Tribune is aware that in *Corbitt, supra*, the court held that the *government* presentence investigation report mandated by Fed. R. Crim. P. 32 -- "a comprehensive analysis of the defendant's character" prepared by the probation office -- has "traditionally been confidential" and thus "we do not believe that a first amendment right of access attaches to presentence reports." 879 F.2d at 229. The reasons for that traditional confidentiality include that the report "involve[s] a broad-ranging inquiry into a defendant's private life, not limited by traditional rules of evidence"; may include "personal information concerning the crime victim's physical, emotional and financial injuries" (*id.* at 230-32); and "may also contain information derived from grand jury materials" (*id.* at 235). Even so, the court held the common law access right attached to such reports, but that where they are "properly submitted to the court under seal," a party seeking disclosure "may not rely on presumptions, but must instead make a specific showing of need for access to the document." *Id.* at 228.

*Corbitt*'s holding applies to the government presentence investigation report required by Rule 32 (sealed Dkt. No. 126 in this case) -- not to submissions by the Defendant. Instead, *Eppinger, supra*, controls here. *See* 49 F.3d at 1253 ("In order for Eppinger to overcome the presumption that sentencing hearings should be public, she would have had to show compelling reasons for the court to hear her testify in camera").

Judge Ellis
November 20, 2019
Page 3

Even under *Corbitt*'s "specific need" standard -- which, again, does not apply -- "the public's right to inspect judicial documents may not be evaded by the wholesale sealing of court papers. Instead, the district court must be sensitive to the rights of the public in determining whether any particular document, or class of documents, is appropriately filed under seal." 879 F.2d at 228. "Obviously, there may be a public interest in disseminating some information underlying the sentencing of a public figure for crimes related to his public office. We do not by any means foreclose the possibility that the press may be able to show a 'need' with sufficient specificity to merit disclosure of a presentence report in whole or in part." *Id.* at 240.

Those observations are certainly apt here: Defendant was a "high-ranking" public official at the Cook County Circuit Court Clerk's Office, who was convicted of lying to a grand jury investigating "illegal bribery and extortion activity within the Clerk's Office" -- a "pay-to-play" scheme. (Gov't Sentencing Mem. (Dkt. No. 134), p. 12.) The Government's sentencing memorandum -- filed publicly -- asks that Defendant be sentenced to 2½ years in prison, emphasizing how damaging her lies were to the federal investigation. *Id., passim*.

In sum, Defendant should not be permitted to file documents wholly under seal, without overcoming the strong presumption of public access. Her motion to seal does not do so, asserting only the unadorned conclusion that "Ms. Patel's Sentencing Position Paper contains sensitive and personal information". (Dkt. No. 131.) As "the primary representative of the public interest in the judicial process," *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999), the Court must carefully scrutinize whatever assertions the Defendant might make regarding the need for secrecy here. Even if, upon a proper showing, overriding compelling interests are genuinely present and warrant sealing of some parts of the document, the public's access rights may be limited *only* to the extent necessary to vindicate those interests, and the Court is required to employ the least restrictive alternatives to sealing, *e.g.*, redactions, consistent with the First Amendment.

Thank you so much for your time and consideration and we would be happy to address any questions or concerns the Court may have in connection with the issues raised in this letter.

Respectfully submitted,

Karen H. Flax

KHF/mrr

cc: Ankur Srivastava
United States Attorney's Office
219 S. Dearborn Street, 5th Floor
Northern District of Illinois
Chicago, IL 60604

Judge Ellis
November 20, 2019
Page 4

        Heather Kirsten McShain
        United States Attorney's Office
        Northern District of Illinois
        219 S. Dearborn Street, 5th Floor
        Chicago, IL 60604

        Walter Jones, Jr.
        Pugh, Jones & Johnson, P.C.
        180 North LaSalle Street
        Suite 3400
        Chicago, IL 60601-2700

        Donald John Angelini, Jr.
        Angelini & Ori, LLC
        155 N. Michigan Ave.
        Suite 400
        Chicago, IL 60601